```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-80119-Civ-GONZALEZ
                                     (95-8083-Cr-GONZALEZ)
                              MAGISTRATE JUDGE P. A. WHITE
JUSTINO SANTA,                :

        Movant,               :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

        Respondent.           :
_____
```

## Introduction

This matter is before the Court on the movant's motion to vacate, attacking his convictions and sentences for conspiracy to possess with intent to distribute cocaine and related offenses entered on a jury verdict in Case No. 95-8083-Cr-Gonzalez. The court has reviewed the motion with supporting memorandum and exhibits, the government's response, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

The movant raises the following claims:

> 1. He was denied effective assistance of counsel, where his lawyer failed to object to the court's determination of the movant's applicable guideline range which was in violation of Blakely v. Washington, 524 U.S. 296 (2004) and its progeny, United States v. Booker, 543 U.S. 220 (2005), together with Apprendi v. New Jersey, 530 U.S. 466 (2000). (Cv-DE#1:6; Memo:6-13).
>
> 2. He was denied effective assistance of

>appellate counsel, where his lawyer failed to challenge on appeal following resentencing the lawfulness of his sentences pursuant to <u>Blakely v. Washington</u>, 524 U.S. 296 (2004). (Cv-DE#1:6; Memo:14-17).

<u>Procedural History</u>

On January 9, 1997, the movant was charged by Indictment with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846 (Count 1), possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(1) (Count 2), two counts of distributing crack cocaine, in violation of 21 U.S.C. §841(a)(1) (Counts 3-4), two counts of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) (Counts 5-6), felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and 924(a) (Count 7), conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §846 and §841(a)(1) (Count 8), and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count 9).[1] (Cr-DE#106). Prior to trial, the government filed an Information of its intent to seek an enhanced sentence pursuant to 21 U.S.C. §851 in the event the movant was convicted. (Cr-DE#104). The movant proceeded to trial where he was found guilty as charged following a jury verdict. (Cr-DE#127).

On January 27, 1997, the movant was sentenced to a total of

---

[1] The Superseding Indictment also identified the movant's coconspirators as Ismael Santos, Victor Dove, Nazila Niksirat, and Efrain Santos.

2

660 months imprisonment consisting of 360 months imprisonment as to Count 1 through 4, 7, 8, and 9, followed by a consecutive 60 months in prison as to Count 5, and a consecutive 240 months in prison as to Count 6. (Cr-DE#157).

The movant appealed, raising the following claims[2]:

1. There was insufficient evidence to show that the defendant possessed a firearm that had traveled in interstate commerce.

2. There was insufficient evidence to support the defendant's conviction for carrying a firearm during and in relation to a drug trafficking crime.

On March 10, 1999, the Eleventh Circuit Court of Appeals *per curiam* affirmed the movant's convictions and sentences without written opinion. United States v. Santa, 176 F.3d 493 (11th Cir. 1999)(table); (Cr-DE#174).

On June 11, 1999, Santa filed a motion to vacate pursuant to 28 U.S.C. §2255, case no. 99-8445-Civ-Gonzalez. In that proceeding, the movant alleged that counsel was ineffective for multiple enumerated reasons. A Report was issued recommending that the motion be denied. On July 17, 2000, an Order was entered by the district court adopting the Report and closing the case. Thereafter, another Report was entered recommending that the July 17, 2000 Order be vacated in view of the movant's motion for relief from judgment pursuant to Fed.R.Cr.P. 60(b), raising a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). A Report

---

[2] The claims are gleaned from the government's brief on appeal which can be found on Westlaw, a legal research database, at United States v. Santa, 1999 WL 33714596 (11th Cir. 1999).

was entered recommending that the §2255 motion be denied for the reasons previously expressed, and that the movant's Apprendi claim be denied as it did not apply retroactively to cases on collateral review. On June 3, 2002, the district court entered a second final order denying the §2255 motion. The movant filed a motion for certificate of appealability, asserting for the first time that counsel was ineffective for failing to challenge his multiple convictions for using and carrying a firearm during and in relation to a drug trafficking offense on the basis that the violations were unlawful because they were predicated on the number of firearms used during a single drug trafficking case, and not on the number of drug trafficking offenses. The district court denied the certificate of appealability, however, the Eleventh Circuit thereafter ordered the court to docket the motion as a notice of appeal. On March 2, 2004, the Eleventh Circuit vacated the movant's judgment and remanded for resentencing finding in relevant part that counsel was ineffective for failing to challenge the movant's multiple convictions and sentences for violating 18 U.S.C. §924(c) pursuant to United States v. Hamilton, 953 F.2d 1344 (11th Cir. 1992). United States v. Santa, 99 Fed.Appx. 881 (11th Cir. 2004) (table); (Cr-DE#186).

Pursuant to the appellate court's mandate, the district court ordered an expedited PSI. (Cr-DE#190). Thereafter, the probation officer set the movant's base offense level at 38 pursuant to U.S.S.G. §2D1.1(a)(3), based upon the 50 kilograms of crack cocaine and approximately 2,324.7 grams of cocaine involved in the offenses of conviction as charged in Counts 1, 2, 3, 4, 8, and 9.[3] (PSI ¶15-

---

[3] The probation officer explained that these counts had been grouped because the offense level is determined on the basis of the total amount of the quantity of the controlled substance involved pursuant to U.S.S.G. §3D1.2(d). (PSI ¶15). Count 7 was also grouped under U.S.S.G. §3D1.2(c) because the count embodies conduct that is treated as a specific offense characteristic in, or other

4

17). The base offense level was increased four levels based on the movant's leadership role in the offense pursuant to U.S.S.G. §3B1.1(1). (PSI ¶20,22). Because the movant had two prior convictions for crimes of violence or controlled substance offenses, he was classified as a career offender pursuant to U.S.S.G. §4B1.1. (PSI ¶23). The probation officer concluded that because the movant's total adjusted offense level 42 surpassed the career offender level 37 pertaining to defendants whose offenses carried a statutory maximum penalty of life imprisonment, the movant's adjusted offense level 42 would control. (PSI ¶23). The PSI also reflected that the movant qualified as an armed career criminal pursuant to U.S.S.G. §4B1.4 based on his three prior convictions for crimes of violence or controlled substance offenses. (PSI ¶23). Thus, the movant's criminal history category as a career offender pursuant to U.S.S.G. §4B1.1 was a category VI. (PSI ¶37). Based on a total adjusted base offense level 42 and a criminal history category VI, the movant's guideline range as to Counts 1, 3, 4, 7, 8, and 9 was 360 months to life imprisonment; as to Count 2, it was 0 to 360 months imprisonment; and, as to Counts 5 and 6, it was the statutory, mandatory consecutive 60-month terms of imprisonment. (PSI ¶63).

The movant then filed objections to the PSI, asserting in relevant part that imposition of a sentence under the guidelines violated his constitutional rights because it would subject him to increased punishment based upon facts that were neither charged in the indictment, found by a jury, nor admitted by him, in violation of Blakely v. Washington, 524 U.S. 296 (2004). (Cr-DE#194).

On November 19, 2004, the movant appeared for resentencing.

---

adjustment to the other. (PSI ¶16).

(Cr-DE#215). After hearing argument from the parties, the court sustained the movant's objection to the 4-level increase in his base offense level for his leadership role, as well as, predicating his sentence based on any quantity of drugs in excess of that charged in the Superseding Indictment. (Cr-DE#215:9). The court concluded that both Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 524 U.S. 296 (2004) applied to the movant's sentence and, therefore, it must apply the lowest level in arriving at the base offense level because the superseding indictment did not allege quantity of drugs and the jury did not determine the amount involved in the offenses. (Cr-DE#215:9). The court then concluded, however, that the movant qualified for an enhanced sentence as a career offender pursuant to U.S.S.G. §4B1.1. (Cr-DE#215:11). Thereafter, in accordance with appellate court's mandate, the court dismissed the conviction and sentence as to Count 6, and sentenced the movant to seven concurrent terms of 360 months imprisonment as to Counts 1, 2, 3, 4, 7, 8, and 9, followed by a consecutive five years imprisonment as to Count 5. (Cr-DE#215:14). The court noted on the record, however, that if the federal guidelines were found unconstitutional, it would nevertheless impose the same sentence. (Cr-DE#215:16-17).

The movant appealed his resentencing judgment, raising the sole claim of trial court error in enhancing his sentence based on prior convictions which were neither alleged in the indictment nor found by the jury beyond a reasonable doubt.[4] On November 21, 2005, the Eleventh Circuit affirmed the judgment and sentences in a written but unpublished opinion. United States v. Santa, 155 Fed.Appx. 475 (11th Cir. 2005); (Cr-DE#219). Certiorari review was

---

[4]The claim is gleaned from the movant's brief on appeal, which can be found on Westlaw at United States v. Santa, 2005 WL 4842396 (11th Cir. 2005).

denied on March 6, 2006. Santa v. United States, ___ U.S. ____, 126 S.Ct. 1483 (2006). This motion to vacate attacking his resentencing was timely filed less than one year later on February 5, 2007.[5] (Cv-DE#1).

### Discussion of the Claims

In this collateral proceeding, the movant raises two claims of challenging counsel's effectiveness at resentencing and on appeal from the resentencing judgment. In order for the movant to prevail on a claim of ineffective assistance of counsel, he must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is

---

[5] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. See United States v. Robinson, 64 F.3d 403, 405 (8 Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11 Cir. 1983), United States v. Ammirato, 670 F.2d 552 (5 Cir. 1982); United States v. Sanderson, 595 F.2d 1021 (5 Cir. 1979).

In **claim one**, the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to object at resentencing to the court's determination of the movant's applicable guideline range which was in violation of Blakely v. Washington, 524 U.S. 296 (2004) and its progeny, United States v. Booker, 543 U.S. 220 (2005), together with Apprendi v. New Jersey, 530 U.S. 466 (2000). (Cv-DE#1:6; Memo:6-13). The movant acknowledges that resentencing counsel did, in fact, lodge a Blakely challenge which was sustained regarding specific drug quantities, but claims counsel should have expanded the argument to encompass the judge's calculations as to Counts 1, 2, 3, 4, 7, 8, and 9, based on the movant's prior convictions. (Cv-DE#1:Memo:9). According to the movant, the court should have imposed a sentence of no more than 20 years in prison as to those offenses based on 21 U.S.C. §841(b)(1)(A), and not thirty years under 21 U.S.C. §841(b)(1)(B). (Cv-DE#1:Memo:11-12). As will be discussed *infra*, the movant is entitled to no relief on these claims because he cannot satisfy the prejudice prong of Strickland

8

v. Washington, supra.

At resentencing, the revised PSI revealed that the movant faced 20 years to life imprisonment pursuant to 21 U.S.C. §§841(b)(1)(A) and 851 as to Counts 1 and 4; zero to 30 years in prison pursuant to 21 U.S.C. §841(b)(1)(C) and 851 as to Count 2; 10 years to life imprisonment pursuant to 21 U.S.C. §§841(b)(1)(B) and 851 as to Counts 3, 8, and 9; 15 years to life imprisonment pursuant to 21 U.S.C. §924(e)(1) as to Count 7, and a consecutive 5 years imprisonment pursuant to 18 U.S.C. §924(c) as to Count 5. (PSI ¶62).

The movant's cannot prevail on his claim that counsel was ineffective for failing to challenge the enhancement in his sentence based on his prior convictions. The law is clear that there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions. See United States v. Gallegos-Aquero, 409 F.3d 1274 (11th Cir. May 18, 2005), citing, United States v. Orduno-Mireles, 405 F.3d 960, 962-963 (11th Cir. 2005)(holding that Blakely and its progeny did not disturb the Supreme Court's prior holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the government need not allege in its indictment nor prove beyond a reasonable doubt that a defendant had prior convictions in order to use those convictions for purposes of enhancing a defendant's sentence.). Put another way, because the prior-conviction exception remains undisturbed after Booker, a district court does not err by relying on prior convictions to enhance a defendant's sentence. United States v. Orduno-Mireles, supra at 962. See also, United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 (11th Cir. 2005); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005)(same); United States v. McGowan, 134 Fed.Appx. 361 (11th Cir. 2005)(same).

9

Even if counsel had objected to the movant's enhanced sentence which was based on his prior convictions and the government's §851 information, such an objection would have been overruled based on the Supreme Court's decision in <u>Almendarez-Torres</u>. Any further argument in this regard would have been meritless, and a failure to raise a meritless argument will not support an ineffective assistance of counsel claim. <u>See</u> <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999)("An attorney's failure to raise a meritless argument...cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Under these circumstances, the movant is entitled to no relief on this claim.

To the extent the movant seeks to attack his enhanced sentence as a career offender pursuant to <u>Booker</u>, the Eleventh Circuit has likewise found that <u>Almendarez-Torres</u> controls. <u>See</u> <u>United States v. Marseille</u>, 377 F.3d 1249, 1257-58 (11th Cir. 2004)(rejecting an *Apprendi*-based attack by a defendant whose sentence was enhanced as an armed career criminal pursuant to U.S.S.G. §4B1.1 and 4B1.4); <u>United States v. Miles</u>, 290 F.3d 1341, 1348 (11th Cir. 2002)(rejecting *Apprendi*-based attack on a life sentence imposed as an armed career criminal where the indictment did not allege and the jury did not find that the defendant had three prior felony convictions.)

Morever, as will be recalled, appellate counsel challenged the lawfulness of the movant's sentence based on <u>Blakely</u>. The Eleventh Circuit rejected the claim on the finding that neither <u>Blakely</u> nor <u>Booker</u> held that the use of mandatory guidelines implicated the Fifth Amendment's right to an indictment, and that because the government's had filed its §851 notice, the movant was aware that

10

he faced a statutory maximum of life imprisonment under 21 U.S.C. §841(b)(1)(A). (Cr-DE#219). Under the circumstances presented here, the movant is thus entitled to no relief on this claim.

Pursuant to U.S.S.G. 4B1.1, the movant was identified as a career offender because (1) he was at least 18 years old at the time he committed the instant offense, (2) the instant offense involves a felony that is a controlled substance offense, and (3) the defendant had two prior felony convictions that were either crimes of violence or controlled substance offenses. (PSI ¶39). See also, U.S.S.G. §4B1.1. "Two prior felony convictions" means "(A) the defendant committed the instant offense of conviction subsequent to the sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, ... and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of U.S.S.G. §4A1.1(a), (b), or (c)." See U.S.S.G. §4B1.2(c).

It is undisputed that the movant had at least two prior felony convictions for either a crime of violence or a controlled substance offense. See PSI ¶23. Those sentences were within ten years of the date that the movant committed the offense in this case, and were thus properly considered as predicate offenses for purposes of determining the movant's status as a career offender. On the record before this court, it is clear that the court considered the movant's prior convictions and his criminal history prior to imposing sentence. The movant was properly classified as a career offender based on U.S.S.G. §4B1.1, as listed above. He was more than 18 years old at the time of the offenses; was convicted in this case of a controlled substance offense; and, had at least two prior felony convictions. Thus, no showing has been made that any further argument in this regard would have resulted in a lesser

11

sentence or a downward departure. Consequently, the movant has failed to establish deficient performance or prejudice pursuant to Strickland v. Washington, 466 U.S. 668 (1984) stemming from counsel's failure to pursue this issue further at sentencing or on appeal. Therefore, the movant is entitled to no relief on this claim.

In **claim two**, the movant asserts that he was denied effective assistance of appellate counsel, where his lawyer failed to challenge on appeal following resentencing the lawfulness of his sentences pursuant to Blakely v. Washington, 524 U.S. 296 (2004). (Cv-DE#1:6; Memo:14-17). As discussed in relation to claim one, any challenge on the basis proffered by the movant would not have succeeded. Under these circumstances, appellate counsel is not ineffective for failing to pursue a nonmeritorious claim on direct appeal. See Matire v. Wainwright, supra. The movant is therefore entitled to no relief on this claim.

## Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 7th day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Julio Santa, Pro Se
      Reb. No. 49694-066
      U.S.P.- Canaan
      P.O. Box 300
      Waymart, PA 18472

      John C. McMillan, Jr., AUSA
      U.S. Attorney's Office
      500 Australian Avenue, Suite 400
      West Palm Beach, FL 33401
```