```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-80119-Civ-GONZALEZ
                                    (95-8083-Cr-GONZALEZ)
                              MAGISTRATE JUDGE P. A. WHITE
JUSTINO SANTA,                :

     Movant,                  :
                                       SUPPLEMENTAL
v.                            :         REPORT OF
                                     MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

     Respondent.              :
_____
```

*Introduction*

This matter is before the Court on the movant's motion to vacate, attacking his convictions and sentences for conspiracy to possess with intent to distribute cocaine and related offenses entered on a jury verdict in Case No. 95-8083-Cr-Gonzalez.

On May 9, 2007, a Report was submitted recommending that the movant's motion to vacate be denied on the merits. (Cv-DE#13). The parties have filed objections thereto. (Cv-DE#s14,17) with multiple responses thereto (Cv-DE#s15,16,20). This Cause has been re-referred to the undersigned for further consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts. (Cv-DE#19).

The government has construed the movant's Booker[1] claim to include an argument that the movant was denied effective assistance of counsel at resentencing and on appeal from resentencing on the basis that his lawyer failed to object to the court's calculation regarding the movant's base offense level as a career offender. In

---

[1] United States v. Booker, 543 U.S. 220 (2005).

the movant's objection, he provides additional legal argument in support of his claim. Specifically, the movant alleges that he was denied effective assistance of counsel,[2] where his lawyer failed to argue at resentencing and on appeal following resentencing that, in light of Booker and its predecessors, Blakely[3] and Apprendi,[4] where a pre-Apprendi indictment fails to allege a drug quantity, the movant's maximum statutory sentence exposure as to the drug offenses, *i.e.,* Counts 1, 2, 3, 4, 8, and 9, could be no more than twenty years. According to the movant, the court relied on the PSI which erroneously established life imprisonment as the maximum penalty for the drug offenses pursuant to U.S.S.G. §4B1.1(A), rather than U.S.S.G. §4B1.1(C).

As was fully set forth in the undersigned's initial Report (Cv-DE#13), which is incorporated herein by reference, the movant's sentences were vacated and the case remanded by the Eleventh Circuit for resentencing. United States v. Santa, 99 Fed.Appx. 881 (11th Cir. 2004)(table); (Cr-DE#186).

Pursuant to the appellate court's remand, the district court

---

[2] In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

[3] Blakely v. Washington, 524 U.S. 296 (2004).

[4] Apprendi v. New Jersey, 530 U.S. 466 (2000).

2

ordered an expedited PSI. (Cr-DE#190). The PSI set the movant's base offense level at 38 after finding that the amount of cocaine base involved was at least 1.5 kilograms or more. (PSI ¶17). A four level enhancement was added because the movant had been described as a leader/organizer in the offenses. (PSI ¶20). Thus, the total adjusted base offense level was 42. (PSI ¶¶22,26). The PSI also noted that, because the movant had two prior convictions for "crimes of violence" or "controlled substance offenses," he was considered a career offender. (PSI ¶23). Ordinarily, pursuant to U.S.S.G. §4B1.1(A), where the statutory maximum is life imprisonment, the offense level under the guidelines is set at 37.[5] However, because the movant's adjusted offense level was 42, that offense level was used in place of the career offender adjustment. (PSI ¶23). Based on his status as a career offender, and in accordance with U.S.S.G. §4B1.1, the movant was placed in a criminal history category VI. (PSI ¶¶36-37).

Ultimately, the PSI concluded that the applicable guideline range as to Counts 1, 3, 4, 7, 8, and 9, based on a total offense level 42 and criminal history category VI, was 30 years to life imprisonment. As to Count 5, the firearm offense, pursuant to U.S.S.G. §2K2.4(A), the guideline range was a consecutive minimum mandatory of 5 years in prison. (PSI ¶63).

Prior to resentencing, the movant objected to the PSI calculations. First, the movant argued that the base offense level was based on an amount of cocaine not charged in the indictment or made in a specific finding by the jury as required by Apprendi v. New Jersey, 530 U.S. 466 (2000). Second, the movant argued that the enhancement as a leader/organizer was also not based on a jury

---

[5]It should be noted that the government filed an Information pursuant to 21 U.S.C. §851, seeking an enhanced sentence in the event the movant was convicted. (Cr-DE#104).

3

finding and violates the Supreme Court's ruling in <u>Blakely v. Washington</u>, 524 U.S. 296 (2004).

The movant appeared for resentencing at which time he renewed his objections. After hearing argument from the parties, the trial court sustained the objections as to the role enhancement, and found that the base offense level as contained in the PSI was in error as neither the quantity of drugs or type of drug had been charged in the Indictment or proved beyond a reasonable doubt. (Cr-DE#215). The court, however, noted that neither <u>Apprendi</u> nor <u>Blakely</u> had changed the fact that prior convictions were not required to be presented to a jury. The court then concluded that the statutory maximum penalty for the movant was life imprisonment, which under U.S.S.G. §4B1.1 and the relevant career offender provisions, mandated a total offense level 37, notwithstanding drug quantities.

In this collateral proceeding, the movant alleges that the court erred in determining that life imprisonment was the statutory maximum penalty which guided the applicable guideline base offense level for purposes of an enhanced sentence as a career offender.

As will be recalled, the movant was charged with and found guilty following a jury verdict of two counts of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. 841(a)(1) and 21 U.S.C. §846 (Counts 1,8), two counts of possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count 2,9), two counts of distributing cocaine base, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count 3,4), possession of a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. §846 and 18 U.S.C.

4

§924(c) (Count 5), and felon in possession of one or more firearms, in violation of 21 U.S.C. §922(g)(1) and 21 U.S.C. §924(a)(2) (Count 7). (Cr-DE#106). Prior to trial, the government filed a notice of its intent to seek an enhanced sentence pursuant to §851. (Cr-DE#104).

Although the PSI established the penalty provision for the drug offenses based on the quantity of drugs involved, even if this court were to have considered the statutory penalty provisions without regard to drug quantity, the movant still cannot prevail on this claim. Pursuant to 21 U.S.C. §841(b)(1)(C), if a defendant is found guilty of possessing a controlled substance "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment..." Likewise, the penalty for violation of Title 21 U.S.C. §922(g) requires a term of not more than 10 years in prison. See 21 U.S.C. §924(a)(2). However, in the case of a person who violates §922(g) and has three prior convictions for a violent felony or serious drug offense, or both, that person shall be sentenced to a minimum of 15 years in prison. See 21 U.S.C. §924(e)(1).

In this case, although the indictment charged the penalty provision of §924(a)(2), the movant was on notice that the government would be seeking an enhanced sentence pursuant to §851. Moreover, the probation officer determined that under the Guidelines, the movant qualified as an armed career criminal which is subject to an enhanced sentence under §924(e). Thus, even if the probation officer erred in utilizing the quantity of drug to determine the applicable guideline range for purposes of an enhanced sentence as a career offender, that error is of no import. It is clear that the movant was convicted of two firearm offenses.

5

As to Count 7, felon in possession of a firearm, in violation of 18 U.S.C. §922(g), the statutory maximum term of imprisonment is life imprisonment. Section 924(e) prescribes the penalty for a defendant who is convicted under 18 U.S.C. § 922(g)(1) of being a felon unlawfully in possession of a firearm and who has three earlier convictions for a violent felony or a serious drug offense. Section 924(e)(1) prescribes a minimum sentence of not less than fifteen years, however, the authorized statutory maximum is life imprisonment. See United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993) (concluding that the "offense statutory maximum" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) is life imprisonment); Custis v. United States, 511 U.S. 485, 487 (1994); see also, United States v. Clark, 183 Fed.Appx. 907, *908 (11th Cir. 2006). Once it is determined that a defendant qualifies for an enhanced sentence for violating §922(g), the penalty provision of §924(e) is self-executing and mandatory. See United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995)(concluding that Congress intended the §924(e) sentencing enhancement to apply automatically regardless of whether the government affirmatively seeks the enhancement); see also, United States v. Gibson, 64 F.3d 617 (11th Cir. 1995)(no due process violation and enhanced sentence under §924(e) proper where defendant is notified by the contents of the PSI prior to sentencing of his prior convictions).

In this case, the movant's total adjusted guideline range would have been a level 37 pursuant to U.S.S.G. §4B1.1(A) given that his firearm offense carried a statutory maximum of life imprisonment. Based on a total offense level 37 and a criminal history category VI, the movant's applicable guideline range would have been 360 months to life imprisonment. The movant was sentenced in this case to the lower end of the guideline range to a total term of 35 years in prison, well below the statutory maximum of life imprisonment. Under these circumstances, the movant cannot

6

establish prejudice arising from counsel's failure to present this argument at resentencing or on appeal therefrom.

Moreover, pursuant to U.S.S.G. §5G1.2(d), "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." See also, United States v. Johnson, 451 F.3d 1239, 1443 (11th Cir. 2006), citing, United States v. Davis, 329 F.3d 1250, 1253-54 (11th Cir. 2003). Apprendi only applies when a defendant is sentenced above the statutory maximum sentence for an offense. United States v. Sanchez, 269 F.3d 1250, 1268 (11th Cir. 2001)(en banc). Apprendi, however, does not prohibit a sentencing court from imposing consecutive sentences on multiple counts of conviction as long as each is within the applicable statutory maximum. United States v. Smith, 240 F.3d 927, 930 (11th Cir. 2001)(holding there is no Apprendi error where the sentence imposed is less than the aggregate statutory maximum for multiple convictions); see also, United States v. Sanchez, supra at 1268 (holding Apprendi has no effect on cases in which a defendant's actual sentence falls within the range prescribed by the statute for the crime of conviction).

In this case, the court could well have stacked the drug offenses in determining the maximum total sentence, which would have subjected the movant to a maximum total sentence of 180 years in prison, *i.e.,* thirty years for each offense charged in Counts 1, 2, 3, 4, 8, and 9; or, without the enhancement, twenty years for each offense, for a total of 120 years in prison. See also, United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006), citing, United States v. Davis, supra. Under these circumstances, the

7

movant cannot establish prejudice pursuant to Strickland arising from counsel's failure to pursue this issue either at resentencing or on appeal. He is thus entitled to no relief on that basis.

The movant also appears to argue that counsel was ineffective for failing to object at resentencing and challenge on appeal that the court failed to consider Amendment 506[6] to the U.S. Sentencing Guidelines. According to the movant, this amendment would have resulted in a lesser total offense level and corresponding guideline range. However, Amendment 506 was found by the Supreme Court to contravene Congress' mandate to sentence repeat offenders at or near the maximum sentence authorized, and thus was ruled invalid. See United States v. LaBonte, 520 U.S. 751 (1997). Under these circumstances, no deficient performance or prejudice has been established arising from counsel's failure to pursue this nonmeritorious issue at resentencing.

## Conclusion

It is therefore remains the recommendation that the motion to vacate be denied.

---

[6]The Amendment was created to preclude consideration of statutory enhancements in calculating the offense statutory maximums. Rejecting the approach prevailing in the Court of Appeals, the Commission defined the phrase "offense statutory maximum" as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in the maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record...." U.S.S.G. App. C, amdt. 506 (Nov. 1994)(amending U.S.S.G. §4B1.1, comment., n.2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 11th day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Julio Santa, Pro Se
    Reb. No. 49694-066
    U.S.P.- Canaan
    P.O. Box 300
    Waymart, PA 18472

    John C. McMillan, Jr., AUSA
    U.S. Attorney's Office
    500 Australian Avenue, Suite 400
    West Palm Beach, FL 33401